*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

## UNITED STATES
Appellee

**v.**

## Kyle A. SHELBY, Sergeant
United States Marine Corps, Appellant

### No. 24-0186
Crim. App. No. 202200213

Argued November 6, 2024—Decided January 28, 2025

Military Judge: Adam M. King

For Appellant: *Lieutenant Commander Leah M. Fontenot*, JAGC, USN (argued).

For Appellee: *Lieutenant Lan T. Nguyen*, JAGC, USN (argued); *Major Candace G. White*, USMC, and *Brian K. Keller*, Esq.

Judge SPARKS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined.

_____

Judge SPARKS delivered the opinion of the Court.

Pretrial, the military judge dismissed a charge with prejudice pursuant to the cumulative error doctrine. The Government then filed an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2018). On appeal, the United States Navy-Marine Corps Court of Criminal Appeals vacated the military judge's dismissal. *United States v. Shelby*, 84 M.J. 639, 650 (N-M. Ct. Crim. App. 2024). We granted review to determine whether the cumulative error doctrine applied in the pretrial context.[1] We hold that the military judge abused his discretion because the cumulative error doctrine does not apply pretrial. As the United States Navy-Marine Corps Court of Criminal Appeals reached the same conclusion, we affirm the judgment of the lower court.

## I. Background

In January 2022, at the first court-martial, the Government charged Appellant with making a false official statement, abusive sexual contact (Charge II), indecent exposure, assault consummated by a battery, and indecent conduct, in violation of Articles 107, 120, 120c, 128, and 134, UCMJ, 10 U.S.C. §§ 907, 920, 920c, 928, 934 (2018). Appellant was represented by individual military counsel (IMC), Captain (Capt) Adcock. Prior to trial, the military judge determined that trial counsel's misleading representation for Charge II to the staff judge advocate prior to preferring charges resulted in unlawful command influence (UCI). As a remedy for the UCI, the military judge dismissed Charge II without prejudice, disqualified the convening authority from further action on Charge II, and the offending trial counsel from the case. The

---

[1] We granted review on the following issue:

> Did the military judge err when he dismissed Charge II with prejudice after "considering the interests of justice, the accused's right to a fair trial, and the cumulative error" of the Government?

convening authority subsequently withdrew and dismissed the remaining charges.

In June 2023, at the second court-martial, a new convening authority rereferred the same charges from the first court-martial under a new convening order. Capt Adcock notified Appellant that he was terminating his legal representation. Appellant nonetheless submitted a request that Capt Adcock again serve as his IMC for the second court-martial. The convening authority denied the request finding that Capt Adcock was not reasonably available to represent Appellant. Appellant then filed a motion to compel Capt Adcock as IMC. The military judge found that Appellant's IMC request was improperly denied. Considered together with the UCI ruling in the first court-martial, the military judge concluded that these errors warranted dismissal of Charge II with prejudice on the basis of cumulative error and the totality of the circumstances. The military judge's ruling prompted the Government to file an Article 62, UMCJ, appeal with the lower court. In relevant part, the lower court found that the military judge erred because the cumulative error doctrine did not apply pretrial. *Shelby*, 84 M.J. at 650. The lower court vacated the military judge's ruling and remanded the case for further proceedings. *Id.* Appellant's appeal to this Court followed.

## II. Standard of Review

We review a military judge's ruling to dismiss a charge and its specification for an abuse of discretion. *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004). Abuse of discretion occurs when the military judge: (1) bases a ruling on findings of fact that are not supported by the evidence; (2) uses incorrect legal principles; (3) applies correct legal principles in a clearly unreasonable way; or (4) does not consider important facts. *United States v. Commisso*, 76 M.J. 315, 321 (C.A.A.F. 2017). "In an Article 62, UCMJ, appeal, this Court reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial," which in this case is Appellant. *United States v. Pugh*, 77 M.J. 1, 3

(C.A.A.F. 2017) (internal quotation marks omitted) (citation omitted).

### III. Applicable Law

We have "long held that dismissal is a drastic remedy and courts must look to see whether alternative remedies are available." *Gore*, 60 M.J. at 187 (citations omitted). "When an error can be rendered harmless, dismissal is not an appropriate remedy." *Id.* (citation omitted). The cumulative error doctrine is a prejudice test that looks retrospectively at a trial's execution and results to assess the "cumulative effect of all plain errors and preserved errors." *United States v. Pope*, 69 M.J. 328, 335 (C.A.A.F. 2011). Under the doctrine, appellate courts determine if " 'a number of errors, no one perhaps sufficient to merit reversal, in combination necessitate the disapproval of a finding.' " *Id.* (quoting *United States v. Banks*, 36 M.J. 150, 170-71 (C.M.A. 1992)). An appellate court will reverse only if it finds the cumulative errors denied the appellant a fair trial. *Id.*

### IV. Discussion

The military judge abused his discretion in using the cumulative error doctrine because that legal principle does not apply in the pretrial context. The cumulative error doctrine is a prejudice test that looks retrospectively at a court-martial's execution and results to assess the cumulative effect of all plain errors and preserved errors.

Furthermore, the military judge appears to have dismissed Charge II with prejudice based, in part, on his dissatisfaction with the UCI remedy at the first court-martial. Although the military judge had the authority to consider the totality of the circumstances in selecting a remedy to preserve the accused's right to a fair trial, s*ee, e.g.*, *United States v. Stellato*, 74 M.J. 473, 476 (C.A.A.F. 2015), his decision to dismiss with prejudice Charge II and its specification was an abuse of discretion for two reasons. First, the military judge did not identify how the taint of the previous court-martial carried into the present court-martial, particularly in light of the fact that

the military judge already had disqualified the initial trial counsel and the initial convening authority, and already had dismissed the charge and its specification without prejudice. Therefore, the UCI issue did not serve as a proper basis for the military judge to dismiss the charge and specification with prejudice. Second, the military judge remedied any interference with Appellant's right to counsel of choice by ordering Capt Adcock to serve as Appellant's IMC; resetting the case management deadlines to accommodate Capt Adcock's belated appointment; and allowing Capt Adcock to supplement any pleadings already filed. Therefore, because less drastic alternatives remedied the concerns raised by the military judge, his decision to dismiss the charge and specification with prejudice constituted an abuse of discretion. *Gore*, 60 M.J. at 187.

## V. Judgment

The military judge abused his discretion by dismissing Charge II with prejudice. The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.